# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

WHITLEY OUSLEY,
ADC #713051                                                    PLAINTIFF

V.                          1:17CV00086 KGB/JTR

WENDY KELLEY, Director,
Arkansas Department of Correction, et al.                      DEFENDANTS

## RECOMMENDED DISPOSITION

 The following Recommended Disposition ("Recommendation") has been sent to United States District Kristine G. Baker.  Any party may file written objections to this Recommendation.  Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation.  An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

 An original and one copy of the objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

# I. Introduction

Plaintiff Whitley Ousley ("Ousley") is a prisoner in the McPherson Unit of the Arkansas Department of Correction. She has filed a *pro se* § 1983 Substituted Complaint alleging that Defendant Corporal Larry Kersey ("Kersey") violated her constitutional rights.[1] *Doc. 7.* Before Ousley may proceed with this action, the Court must screen her allegations.[2]

# II. Discussion

On December 16, 2016, Ousley, who is African American, was sitting beside a Caucasian prisoner in the dining hall at the McPherson Unit. *Doc. 7.* Kersey was supervising the dining hall. During the meal, a Caucasian prisoner asked Kersey for permission to move to another table because she claimed there was not enough "elbow room" by Ousley. *Id. at 7.* Kersey granted her request. Soon thereafter, Ousley complained to Kersey: "Do you see that I feel that's racist." *Id.* Kersey allegedly responded: "I'm not racist. I have a black dog and a colored T.V." Ousley

---

[1]    On October 10, 2017, the Court struck from the record Ousley's original Complaint, which included numerous factually and legally distinct claims against twenty-two Defendants. *Doc. 6.*

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

contends that Kersey's comment was a violation of her constitutional right to be free from racial discrimination.

To state a viable racial discrimination claim, Ousley must plead facts demonstrating that Kersey intentionally treated her differently than similarly situated prisoners due to her race. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008); *Lewis v. Jacks,* 486 F.3d 1025 (8th Cir. 2007). Ousley has *not* pled any facts suggesting that Kersey intended to racially discriminate against her when he allowed a Caucasian prisoner to move to another table based on her *racially neutral* allegation that there was not enough "elbow room" beside Ousley.

Further, the Eighth Circuit has clarified that: "Verbal abuse by correctional officials, even the use of reprehensible racially derogatory language, is not by itself unconstitutional race discrimination unless it is pervasive or severe enough to amount to racial harassment." *Lewis v. Jacks,* 486 F.3d 1025, 1028 (8th Cir. 2007); *Blades v. Schuetzle*, 302 F.3d 801, 805 (8th Cir. 2002). Ousley has not pled any facts suggesting that she was subjected to pervasive or severe racial harassment. Thus, the Court concludes that Kersey's isolated comment, although offensive and unprofessional, does not rise to the level of a constitutional violation.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     The Substituted Complaint be DISMISSED, WITHOUT PREJUDICE, for failing to states a claim upon which relief may be granted.

2.     Dismissal be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3.     The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 28th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE